OPINION
{¶ 1} Appellant, Daniel A. Vanderhoof, Jr., appeals from the October 31, 2005 judgment entry of the Lake County Court of Common Pleas, which sentenced him to forty-two months in prison.
 {¶ 2} On March 14, 2005, in Case Number 04 CR 000789, appellant was indicted by the Lake County Grand Jury on four counts: count one, aggravated burglary, a felony of the first degree, in violation of R.C. 2922.11(A)(1); count two, attempted abduction, a felony of the fourth degree, in violation of R.C.2905.02(A)(1); count three, disrupting public services, a felony of the fourth degree, in violation of R.C. 2909.04(A)(1); and count four, domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25(A).
 {¶ 3} On August 26, 2005, in Case Number 05 CR 000512, appellant was indicted by the Lake County Grand Jury on two counts: count one, attempted burglary, a felony of the fifth degree, in violation of R.C. 2911.12(A)(4); and count two, resisting arrest, a felony of the second degree, in violation of R.C. 2921.33(A).
 {¶ 4} On September 27, 2005, in Case Number 05 CR 000573, appellant was indicted by the Lake County Grand Jury on one count, domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25(A).
 {¶ 5} Appellant initially entered pleas of not guilty to all charges. However, on September 29, 2005, appellant withdrew his former pleas and entered written pleas of guilty to counts one and three in Case Number 04 CR 000789, attempted burglary and disrupting public services; counts one and two in Case Number 05 CR 000512, attempted burglary and resisting arrest; and count one in Case Number 05 CR 000573, domestic violence. The remaining charges were withdrawn.
 {¶ 6} The trial court held a sentencing hearing on October 27, 2005 for all three cases, which was journalized on October 31, 2005. In Case Number 04 CR 000789, the trial court sentenced appellant to fourteen months in prison on count one, attempted burglary, and fourteen months in prison on count three, disrupting public services, to be served concurrently to each other, but consecutive to the sentences imposed in the other cases. In Case Number 05 CR 000512, the trial court sentenced appellant to serve eleven months in prison on count one, attempted burglary, and sixty days in prison on count two, resisting arrest, to be served concurrently to each other, but consecutive to the sentences imposed in the other two cases. In Case Number 05 CR 000573, the trial court sentenced appellant to serve seventeen months in prison on count one, domestic violence, to be served consecutively to the terms imposed in the other cases, for an aggregate sentence of forty-two months in prison.
 {¶ 7} On November 30, 2005, appellant timely filed his notice of appeal in all three cases, and on January 26, 2006, this court consolidated the appeals for all purposes.
 {¶ 8} It is from the October 31, 2005 judgment entry that appellant appeals, raising the following sole assignment of error:
 {¶ 9} "The trial court erred when it sentenced [appellant] to consecutive sentences based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
 {¶ 10} Appellant's assignment of error challenges the consecutive sentence he received, and is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster,
109 Ohio St.3d 1, 2006-Ohio-856. In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio in Foster. On that basis, appellant's assignment of error is with merit.
 {¶ 11} In Foster, at paragraph three of the syllabus, the Supreme Court held that R.C. 2929.14(E)(4) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 12} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(E)(4). After severance, judicial fact-finding is not required before imposing consecutive sentences. Foster at paragraph four of the syllabus.
 {¶ 13} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 14} The sentence imposed by the Lake County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for further proceedings consistent with this opinion pursuant to Foster.
William M. O'Neill, J., Cynthia Westcott Rice, J., concur.